47 F.3d 1166
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Margaret B. JONES, Defendant-Appellant.
 No. 94-5557.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 31, 1995.
Decided Feb. 17, 1995.
 
 Stanley H. Hellman, HELLMAN & REDMOND, Towson, MD, for appellant. Lynne A. Battaglia, U.S. Atty., Barbara S. Sale, Asst. U.S. Atty., Baltimore, MD, for appellee.
 Before WILKINS, HAMILTON, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Margaret B. Jones appeals an order of the district court affirming her convictions for two traffic violations committed on federal property. We affirm.
 
 
 2
 * On October 21, 1993, Jones backed into an exit of the Main Post Office in Baltimore, Maryland. She then turned left onto a street despite a sign prohibiting left turns. A postal security officer who witnessed the maneuver radioed a fellow officer to stop Jones. She was stopped on the street, and given four citations for violations of 39 C.F.R. Sec. 232.1 (1994):(1) making an illegal turn; (2) driving on postal property while registration is not current; (3) driving on postal property while registration tags are not current; and (4) driving on postal property with driving privileges suspended or revoked. At the trial before the magistrate judge, the registration tags charge was dismissed.
 
 
 3
 The magistrate judge acquitted Jones of the illegal left turn charge, holding that the turn was not complete until Jones left federal property. Ruling that the initial stop was made in good faith, he found Jones guilty of the remaining charges. Jones appealed to the district court, which affirmed the magistrate judge. Jones noted an appeal to this Court.
 
 II
 
 4
 Jones argues that the initial stop was improper because the left turn was not completed on federal property. She continues that because the initial stop was improper, evidence of her suspended license and expired registration should have been suppressed. The officer relied on a regulation requiring compliance with signs of a prohibitory and directory nature. 39 C.F.R. Sec. 232.1(d) (1994). We agree with the magistrate judge and the district court that the officer was acting in objectively reasonable, good faith reliance on the regulation. Thus, the evidence found after the stop need not be suppressed. Michigan v. DeFillippo, 443 U.S. 31, 38 (1979). We therefore affirm Jones's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED